

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable P. L. Marquess
County Auditor
Wharton County
Wharton, Texas

Dear Sir:

Opinion No. 0-1322
Re: County Clerk - Deputy - Fees of office.

Your request for opinion has been received by this depart-
ment. We quote from your letter as follows:

"Where a deputy County Clerk paid by the County,
during office hours, using County equipment and sup-
plies, prepares, at regular intervals, lists of chattel
mortgages, deeds of trust and real estate transfers
for which said deputy is paid a regular stipulated
fee by certain firms and individuals, which fee is
agreed to by and between said deputy and said firms
and individuals and all of which is retained by said
deputy, such lists not being signed by said deputy or
the County Clerk or anyone else and there being no
seal thereon, such lists being capable of preparation
by any person acquainted with such records, the
transaction being strictly a personal one between
the Deputy Clerk as an individual and the firms and
individuals who desire to be kept advised as to
what mortgages and transfers are filed for record;
is such fee a fee of office of the County Clerk which
must be turned into the Salary Fund of the County?"

Wharton County, Texas, has a population of 29,631 accord-
ing to the 1930 Federal Census and the Officers Salary Law of
the State of Texas is applicable to the County Clerk of Wharton
County, Texas, and his deputies.

The last paragraph in Article 3891, Revised Civil Statutes
of Texas reads as follows:

"The compensation, limitations and maximums herein
fixed shall also apply to all fees and compensation what-
soever collected by said officers in their official ca-
pacity, whether accountable as fees of office under the
present law, and any law, general and special, to the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by the County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

Section 5 of Article 3912e, Revised Civil Statutes of Texas, provides that it shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official services performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund of the county.

Opinion No. O-450 of this department holds that a tax assessor-collector or his deputy is not entitled to retain personally fees or compensation received from the public for compilation of lists of auto registrations, poll lists, certificates of taxes, etc., but that same must be paid into the Officers' Salary Fund of the county.

Opinion No. O-921 of this department holds that the drawing up of oil and gas mineral leases, writing deeds, contracts or other legal documents, are outside of the scope of the duties of the county clerk; that the making of abstracts of title is outside of the scope of the duties of the county clerk; that the preparing and copying of field notes may or may not be services within the scope of the duties of the county clerk and that the facts in each such case will determine this question; that the county clerk has no authority to use county employees paid by the county, to perform services outside the scope of the duties of the office of the county clerk; that labor paid for by the county should not be used by the clerk in the performance of activities of the clerk outside of the scope of the duties of his office; that it is the duty of the county clerk to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official services performed by him and that same shall be deposited in the Officers' Salary Fund of the county; that the county clerk may charge and collect for services performed by request, which are not within the scope of the duties of his office, provided that the services so rendered do not conflict or interfere with his official duties and are not in violation of law.

With respect to your question we are of the opinion that it would be a question of fact as to whether or not the transaction stated in your letter would be a strictly personal transaction between the deputy clerk as an individual and the firms or individuals.

If it were a strictly personal transaction and not within the scope of the duties of the office of the county clerk even then it would be improper for the deputy county clerk to use county equipment and supplies and use the time and labor paid for by the county in the furtherance of the private business of the deputy clerk for his own private financial gain. If this activity of the deputy clerk interfered with his official duties and took up valuable time to which he should devote to the duties of his employment, the county and the Officers' Salary Fund would suffer thereby and would create a situation which should be remedied by the county clerk and the commissioners' court.

Such services could be utilized by the county clerk and commissioners' court for the benefit of the county clerk's office, the Officers' Salary Fund and the county, by the county clerk's requiring that a certificate be placed on said lists or records and by charging the public a proper fee therefor and by placing said fees in the Officers' Salary Fund.

Article 3902, Revised Civil Statutes, provides for the appointment of deputies, upon a showing of the necessity of same to the commissioners' court. The commissioners' court of the county is charged with the duty of the economical and sound financial operation of the county government.

Therefore, you are respectfully advised that it is the opinion of this department that if the services mentioned in your letter are in truth and in fact personal services of the deputy county clerk as an individual and are not services within the scope of the duties of the county clerk's office, and he is permitted to do so by the county clerk, he may retain same. You are further respectfully advised that it is the opinion of this department that it would be improper for the county clerk to permit his deputy to use county equipment, the county's time and the county's facilities, for the personal gain of the deputy. You are further respectfully advised that it is the opinion of this department that the county clerk should utilize the services of his deputies, and the facilities of his office, in the collection of fees for the benefit of the county clerk's office, the Officers' Salary Fund of the county and the county.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

WJF:LM
APPROVED SEP 16, 1939
Gerald C. Mann (signed)
ATTORNEY GENERAL OF TEXAS
(STAMPED) Approved
Opinion Committee

(signed)
Wm. J. Fanning
Assistant